NO. 07-10-0429-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

NOVEMBER 23, 2010

 

______________________________

 

 

CHRISTOPHER MICHAEL ALDERETE, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

 

NO. 58,716-D; HONORABLE DON EMERSON, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant,
Christopher Michael Alderete, entered a plea of true
to the State's allegations in its motion to proceed with adjudication of guilt
after having been granted deferred adjudication community supervision for the
offense of assault on a family member[1].  After hearing evidence that Appellant had
violated the terms and conditions of community supervision, the trial court
adjudicated him guilty and sentenced him to fifteen years confinement.  The Trial
Court's Certification of Defendant's Right to Appeal indicates that Appellant's
case was a plea-bargain case with no right of appeal and that Appellant waived
his right of appeal.

            By
letter dated October 21, 2010, this Court notified Appellant of the
consequences of the certification and invited him to either file an amended
certification showing a right of appeal or demonstrate other grounds for
continuing the appeal on or before November 10, 2010.  Appellant was also notified that failure to
do so might result in dismissal of the appeal pursuant to Rule 25.2 of the
Texas Rules of Appellate Procedure. 

            In
response to this Court's letter, Appellant filed a "Motion for Extension
of Time" on his appeal to seek help from outside sources.  He also expressed an intent
to file a petition for discretionary review with the Texas Court of Criminal
Appeals.  Appellant's response, however,
does not contradict the trial court's certification.  Appellant also failed to file an amended
certification reflecting a right of appeal and did not show cause for
continuing his appeal.  Consequently,
this appeal is dismissed based on the certification signed by the trial
court.  See Tex. R. App. P. 25.2(d).

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 

Do not publish.











[1]Tex.
Penal Code Ann. § 22.01(b)(2) (Vernon Supp. 2010).